Reese, J.
delivered the opinion of the court.
David Looney made two bills single, payable to one Andrew Scott, the one for $25, the other for $30, and they were assigned by Scott to George Crossna, who brought two separate suits thereon, before a justice of the peace, against Looney and Scott; Stephen Lee became the surety for the stay of the execution upon both judgments, but whether at the instance and for the benefit of Looney only, or of both defendants, does not appear from the record. Executions upon both judgments issued against Looney and Lee, without naming Scott, and no personal property being found, were levied upon a tract of land of which Lee had been in possession for sixteen years, claiming it as his own, and for which he had made a location and entry upon a warrant; but it does not appear whether a grant had issued. The executions, so levied, were returned to the circuit court, where an order of condemnation of the land, as it is called, was made, and an award of writs of venditioni exponas; and the land was duly sold, and George Crossna became the purchaser and took a sheriff’s deed for the same, and brought this action of *282 ejectment against Lee, and recovered a verdict and judgment — to reverse which, this.appeal, in the nature of a writ of error, has been prosecuted. And here, two grounds of error, for the reversal of the judgment, have been assigned by the counsel of the plaintiff in this court. First, that the executions issued by the justice of the peace and levied upon the land, did not pursue the judgment in omitting the name of Andrew Scott, and that this renders the executions invalid, and the case of Jennings vs. Pray, 8 Yer. 85, is cited. It is clear, upon principle, as well as upon the authority of that case and others, that these executions were irregular, erroneous and voidable, and if it had been properly brought to the notice of the court in due time, and in a proceeding for that purpose, they would have been quashed or superseded. But we deem it equally clear that these executions are not void, so as to invalidate the levy, condemnation, venditioni exponas, the sale and the sheriff’s deed. Upon the distinction between voidable and void process of execution, see Stephenson vs. M’Lean and others, 5 Hum. 332.
2. It is next assigned for error, that, although the land was possessed and entered by the defendant, yet it was not shown to have been granted. The act of 1794, ch. 5, sec. 7, and many subsequent acts, authorise the sheriff to sell land so held, “in the same manner as land held by deed or grant.” The effect of such a sale is to make the purchaser the owner of the land. But the argument is, that, by the provisions of those acts, the sheriff must assign the warrant or plat and certificate of survey, and that here he has made a deed. We answer, that the directions to the sheriff to assign officially the warrant or plat and certificate of survey, were intended for the benefit and protection of the purchaser, to the end that he might cause the grant to issue in his own name— they were not intended in any degree for the benefit of the enterer or former owner of the land. It was not intended, that after the sale, the enterer, whose land had been sold, should continue in possession thereof until the purchaser or assignees might get a grant in his or their own name. The sheriff’s deed, with the entry, constitutes valid evidence of a legal sale, against the enterer in possession, and enables the *283 purchaser, as against him, to recover in ejectment. He cannot be heard to say,.“my land claimed and possessed by me under an entry has been duly sold, and you have a sheriff’s deed, bat your grant has not yet issued, and I am entitled to the possession and profits of the land until you procure your grant.” If he was the owner of the entry and the possessor of the land, and it was legally sold, he became quasi tenant at sufferance of the purchaser, and is subject to be turned out of the possession by the force of the relation between the parties, without the production of the grant by the purchaser. This point was so raled in the case of Heffly vs. Hall, 5 Hum. 581.
Let the judgment be affirmed.